UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA PATRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-CV-10427 RGS |
| ) | |
| JANSSON CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ANSWER OF JANSSON CORPORATION

Defendant Jansson, as and for its answer to Plaintiff Laura Patrick's Complaint, hereby deposes and states as follows:

1. Admits that this is an action brought pursuant to Massachusetts General Laws, denies that plaintiff is entitled to any of the relief she seeks or that Jansson has discriminated against plaintiff in any way, and states that the remainder of the paragraph states legal conclusions rather than factual allegations and, therefore, requires no response.

2. Is without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of the Complaint.

3. Admits that Jansson's principal place of business is at 47/49 Maple Street, Milford, Middlesex County, Massachusetts and denies the remaining allegations of paragraph 3 of the Complaint.

4. Admits the allegation contained in paragraph 4 of the Complaint.

5. Admits the allegations contained in paragraph 5 of the Complaint.

6. Admits the allegations contained in paragraph 6 of the Complaint.

7. Admits the allegations contained in paragraph 7 of the Complaint.

8. Admits the allegations contained in paragraph 8 of the Complaint.

2444881v1

9.  Admits the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint.

11. Admits the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. With respect to paragraph 13 of the Complaint, denies the first sentence; admits plaintiff stated that she expected her annual salary would be prorated downward to reflect a 4-day work week.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. With respect to paragraph 15 of the Complaint, is without information sufficient to form a belief as to the truth or falsity of the allegations therein and, therefore, deny them.

16. Admits only that plaintiff's annual salary was $52,260 as a full-time, salaried, exempt employee at the time her employment terminated.

17. With respect to paragraph 17 of the Complaint, is without information sufficient to form a belief as to what plaintiff expected her hourly rate or four-day-a-week annualized salary would be and therefore denies the allegations contained therein.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. With respect to paragraph 19 of the Complaint, states that this allegation is too vague and diffuse to respond to, but admits that Osoff spoke with plaintiff on December 7, 2002.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint and affirmatively states that Patrick resigned voluntarily from her employment.

27. Denies the allegations contained in paragraph 27 of the Complaint and affirmatively states that Osoff told Plaintiff that if she was determined to resign, she need not remain employed for the few weeks she offered to stay; and further affirmatively states that Plaintiff agreed to send a letter of resignation to Defendant.

28. Admits that its agent, The Frick Company, submitted paperwork contesting Plaintiff's unemployment compensation benefits claim.

29. Is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint, and, therefore, denies them.

30. Except as otherwise admitted, qualified or specifically denied, generally denies each and every allegation of the Complaint.

31. Repeats and re-alleges its responses to the allegations contained in paragraph 30 of the Complaint, which merely repeat prior allegations of the Complaint.

32. States that paragraph 31 of the Complaint states a legal conclusion rather than a factual allegation, and, therefore, requires no response.

33. Denies the allegations contained in paragraph 32 of the Complaint.

34. Denies the allegations contained in paragraph 33 of the Complaint.

35. Denies the allegations contained in paragraph 34 of the Complaint.

36. Denies the allegations contained in paragraph 35 of the Complaint, or that Plaintiff is entitled to the relief sought by that paragraph.

37. Except as otherwise admitted, qualified or specifically denied, generally denies each and every allegation of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's proposed hourly wage for Plaintiff was justified by Plaintiff's decision to switch from full-time salaried employment to part-time hourly employment.

### THIRD AFFIRMATIVE DEFENSE

Defendant acted in good faith and with justification at all times herein.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

There was a reasonable relationship between the hourly rate Defendant proposed paying Plaintiff and the number of normal working hours Plaintiff proposed working.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join an indispensable party.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint must be dismissed for insufficiency of service of process.

WHEREFORE, Defendant prays that this Court enter judgment against Plaintiff as follows:

1. Dismissing Plaintiff's Complaint in its entirety;

2. Awarding Defendant its costs, including reasonable attorneys' fees, incurred in responding to this Complaint; and

3. Granting such other relief as is just and equitable.

JANSSON CORPORATION

By its attorneys,

/s/ Jeffrey L. Levy
Jeffrey L. Levy (BBO# 559438)
CORRIGAN & LEVY LLP
896 Beacon Street
Boston, Massachusetts 02215
(617)247-3800

Of counsel:

Daniel L. Palmquist
LEONARD, STREET AND DEINARD
PROFESSIONAL ASSOCIATION
150 South Fifth Street
Suite 2300
Minneapolis, Minnesota 55402
(612) 335-1500

Dated: March 10, 2004

### Certificate of Service

I hereby certify that on March 10, 2004, I caused a true copy of the foregoing document to be served by first class mail upon Theresa Finn Dever, Esq., Riley & Dever, P.C., 210 Broadway, Suite 201, Lynnfield, MA 01940.

/s/ Jeffrey L. Levy
Jeffrey L. Levy

2444881v1