UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAURA PATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-CV-10427 RGS |
| | ) | |
| JANSSON CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION REGARDING CONFIDENTIALITY

THIS **STIPULATION REGARDING CONFIDENTIALITY** shall apply to all materials produced or testimony by a party that is identified by that party as confidential.

1.      The term "confidential material," as used in this Stipulation, shall refer to any document, testimony or other discovery materials, or any portion thereof, which is designated by a party as provided herein, as containing information that is reasonably deemed to be "a trade secret or other confidential information," pursuant to Fed. R. Civ. P. 26 and/or other applicable law, or is reasonably deemed to be protected by the attorney work product doctrine or the attorney-client privilege. "Confidential material" shall also refer to the information contained in such documents, testimony or other discovery materials.

2.      Under this Stipulation, there shall be one category of confidential materials: "CONFIDENTIAL." The documents designated or labeled "CONFIDENTIAL" refer to all material deemed by a party to be confidential pursuant to the standards set forth in paragraph 1, above.

3.     Confidential materials designated by a party as "CONFIDENTIAL" are afforded partial protection.  These materials shall only be used for the purposes of this litigation and may be disclosed only to:

(a)     the United States District Court for the District of Massachusetts (the "Court");

(b)     the other parties to this Stipulation;

(c)     the parties' counsel and counsel's partners, associates, and employees;

(d)     other persons retained or employed by the parties' counsel or their clients in connection with the preparation, prosecution, and defense of this action, including experts;

(e)     any person (i) who counsel for a party in good faith believes is likely to be a witness at, or who may provide evidence in connection with, a deposition, hearing or trial, and (ii) to whom counsel for a party believes in good faith it is necessary that such materials be shown for the purpose of the prosecution and/or defense of this action; and

(g)     any witness while actually testifying at a deposition, hearing or trial, if the disclosing party in good faith deems the disclosure necessary for the purpose of the prosecution and/or defense of this action.

In no event shall any of the confidential materials provided by any party be disclosed to or used by anyone outside this litigation, either during the pendency of this action or after it has been concluded.

4.     A designation of materials into the category described in Paragraph 2 above shall be made by affixing or placing the notice "CONFIDENTIAL" on such material.  All such notices of such designation shall be affixed in a manner that does not interfere with the legibility or use of the materials.  There shall be no such designations with respect to any materials except where the designating party or parties and its/their counsel of record have a reasonable, good faith belief that the materials in fact contain information subject to protection pursuant to the standards set forth in paragraph 1, above.

5.     Any party or person giving testimony in these proceedings may designate all or a portion of his or her testimony as "CONFIDENTIAL" under this Stipulation by advising the

court reporter and all counsel at the deposition or proceeding of such fact. The court reporter shall separately transcribe those portions of the testimony so designated and mark the face of each relevant page of the transcript of the testimony with the words: "CONFIDENTIAL."  Any portion of a deposition transcript not so designated at the time the testimony is given shall nevertheless be treated as "CONFIDENTIAL" for a period of fifteen (15) days after the deposition is concluded so as to permit the party or witness time to designate some or all of his or her testimony as "CONFIDENTIAL."  Thereafter, only such portions of a transcript as are affirmatively designated in writing by a party to be "CONFIDENTIAL" shall be treated as such under this Stipulation.  Such designation may be made by marking the transcript as "CONFIDENTIAL" or by listing the page and inclusive line numbers of the material designated as "CONFIDENTIAL" and by providing such designation to the other parties, their counsel and the court reporter.  The court reporter shall thereafter mark the face of each relevant page as confidential and separately transcribe those portions of the testimony so designated.  Whenever any document designated as confidential is identified as an exhibit in connection with deposition testimony given in the proceedings, it shall be placed in an envelope separate from the other exhibits, which envelope shall be marked, "CONFIDENTIAL EXHIBITS."

      6.    Information designated as confidential material pursuant to this Stipulation, shall be treated as required by this Stipulation by all persons to whom such information may be disclosed.  In addition, except for counsel representing the parties (including counsel's partners, associates and employees), each person who is authorized by this Stipulation to inspect or have access to materials designated as "CONFIDENTIAL" and who does inspect any such material, shall, before conducting such inspection or having such access, be provided with a copy of this Stipulation, shall execute an undertaking in the form annexed to this Stipulation as Exhibit "A",

and shall therefore be bound by this Stipulation.  These executed undertakings shall be maintained by counsel of record responsible for the disclosure and shall be available for inspection by all other counsel of record after the close of discovery.

7.      Within 30 days after termination of the case counsel shall withdraw all documents previously filed under seal.  If counsel does not so withdraw such documents, they will be removed from the vault, unsealed and made part of the public file.

8.      At any time after the production of any material designated as confidential by one party, any other party to this Stipulation may serve a notice of objection to such designation stating the reasons for such objection.  Should the parties be unable to resolve the issues raised by the objection within three (3) days of the receipt of such objection, the objecting party may thereupon seek a ruling from the Court with respect to the merits of the designation.  The burden of proving the appropriateness of the designation shall be upon the party designating the materials as "CONFIDENTIAL."

9.      Notwithstanding any provision herein to the contrary, if any party to this Stipulation should conclude in good faith that for the purpose of this action, it needs to disclose any of the information contained in any confidential material, or any information derived from such material to any person not described in Paragraph 3 of this Stipulation, it may request permission from counsel for the designating party to do so for specified information. If counsel cannot agree as to the disposition of such a request, application to the Court for a ruling on such request may be made.

10.     Should any party to this Stipulation desire to use before the Court any confidential material, that party must give reasonable notice to the party designating the material of such intent, so that the status of such documents may be protected by agreement or if necessary, as

determined and directed by the Court.  In addition, confidential material which is reproduced, referred to or otherwise contained in transcripts of depositions, exhibits, affidavits, memoranda, briefs, written discovery, or other documents filed with the Court, shall be placed prior to filing in a sealed envelope marked "CONTAINS CONFIDENTIAL MATERIAL UNDER STIPULATION."  The party filing any such confidential material shall specifically bring to the attention of the Court at the time of filing that the material is to be filed in accordance with the Court's rules for filing confidential material, if any.

11.    A party, directly or through its counsel of record, may agree in writing or on the record during any deposition or proceeding to declassify any material previously designated as confidential.

12.    Any party to this Stipulation may apply to the Court at any time for modification of this Stipulation, for supplemental orders or for further protection.

13.    The designation of any document, information or other materials as confidential herein is for the purpose of this Stipulation only, and shall not be used for the purpose of interpretation of other legal or substantive issues raised in this litigation apart from the application of this Stipulation.

**AGREED:**


Dated: January 7, 2005



   /s/ Daniel L. Palmquist
Daniel L. Palmquist (MN Registration #217694)

LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota  55402
Telephone:  (612) 335-1500

Of Counsel:

Jeffrey L. Levy (BBO# 559438)
CORRIGAN & LEVY LLP
896 Beacon Street
Boston, MA  02215
Telephone:  (617) 247-3800

**ATTORNEYS FOR DEFENDANT**



Dated: January 10, 2005


   /s/ Theresa Finn Dever
Theresa Finn Dever (B.B.O. #564319)

RILEY & DEVER, P.C.
Lynnfield Woods Office Park
210 Broadway, Suite 201
Lynnfield, Massachusetts  01940-2351
Telephone:  (781) 581-9880

**ATTORNEYS FOR PLAINTIFF**

**IT IS SO ORDERED:**

     BY THE COURT:

_____
Richard G. Stearns
U.S. District Court Judge

Dated: _____, 2005.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAURA PATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-CV-10427 RGS |
| | ) | |
| JANSSON CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF _____**

STATE OF _____    )
                            ) ss.
COUNTY OF _____    )

    1.    My name is _____.  I live at _____

_____.

    2.    I am aware that a Stipulation has been entered in the action captioned above and a copy of this Stipulation has been given to me.

    3.    I promise that any documents, information, materials or testimony, which are protected under the Stipulation entered in this case and designated as "CONFIDENTIAL" will be used by me only in connection with the above-captioned matter.

    4.    I promise that I will not disclose or discuss such protected material with any person other than those individuals permitted by the Stipulation to review such material.

    5.    I understand that any use of such "CONFIDENTIAL" documents, information, materials or testimony obtained by me or any portions or summaries thereof, in any manner

contrary to the provisions of the Stipulation, may subject me to a sanction from the Court for violating this Stipulation.


_____
NAME


Subscribed and sworn to before me
this _____ day of _____, 200_


_____
Notary Public