UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA E. PATRICK,<br>Plaintiff,<br><br>vs.<br><br>JANSSON CORPORATION,<br>Defendant | )<br>)<br>)  CIVIL ACTION NO.:04-10427RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### Affidavit of Laura Patrick

Laura Patrick hereby deposes and states as follows:

1. As the Design Development Manager at Jansson, I fulfilled my job requirements but did not need to work continuously to do so.

2. While meeting with Osoff on December 3, 2001, I never made demands concerning my schedule. Instead, I requested that I be accommodated for a short period of time, primarily during the first trimester of my pregnancy, and preferred to cut back my schedule from five to four days per week. I never stated that my schedule accommodation request was not negotiable and that I was prepared to quit if Jansson would not accede to my request. I did indicate to Osoff that in light of my prior difficulty getting pregnant and prior miscarriage that I had discussed cutting back my schedule during the first trimester with my physician and that I had felt that it would be in my and the baby's best interest to cut back on my hours at work.

3. Osoff did not explain to me that my schedule change would involve a reduction in duties, responsibilities, and hours as I would be performing the same job. Osoff did not inform me that my wage would be adjusted to an hourly rate that was reflective of the fewer hours I would be working and my decreased responsibilities.

4. Osoff did not explained to me that she reached her reduced hourly figure for me by taking my annualized salary, which was $52,260, and dividing it by 2288 hours-a figure that assumed average weekly overtime of 4 hours and did not explain to me that each salary at Jansson assumed 5-7 hours of overtime. Nor did she explain to me that Jansson rounded this hourly rate down to $22.50, reflecting my decreased responsibilities.

5. In light of Osoff's discriminatory comments to me as well as Joel Rudy's admission that there is no actual policy at Jansson concerning reducing an employee's hourly wage when changing from full time to part-time employment, I believe that Jansson (and Osoff) reduced my hourly wage because I was pregnant.

Signed under the pains and penalties of perjury this 3rd day of March 2005.

Laura Patrick

CERTIFICATE OF SERVICE

I, Theresa Finn Dever, attorney for the Plaintiff, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail on March 4, 2005.

THERESA FINN DEVER

3/4/05