UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA E. PATRICK,<br>    Plaintiff,<br><br>vs.<br><br>JANSSON CORPORATION,<br>    Defendant | CIVIL ACTION NO.:04-10427-RGS |

## PLAINTIFF'S OPPOSITION TO DEFENDANT JANSSON'S STATEMENT OF UNDISPUTED FACTS

Plaintiff Laura Patrick hereby disputes the following statements set forth as undisputed facts in Defendant Jansson Corporation's Memorandum Of Law In Support Of Motion For Summary Judgment. Plaintiff has restated the contested undisputed facts in italics and set forth her opposing evidence underneath each contested statement.

### Disputed Facts

Disputed Fact No. 1:

*The Design Development Manager must also continuously interact with and be available to all departments to supervise production and resolve questions that arise in the production process.*

Plaintiff's Response:

As the Design Development Manager at Jansson, Patrick fulfilled her job requirements but did not need to work continuously to do so as suggested by Arlene Osoff in her Affidavit. (Patrick Affidavit, ¶ 1).

Disputed Fact No. 2:

*In the meeting (on December 3, 2001,) Patrick made the following demands:*

    *\*She would cut back from full-time employment to four days a week.*

*\*She would not work Mondays because she felt that traffic was at its worst for her commute;*

*\*She would not work any overtime.*

*\*She would no longer work Saturdays.*

Plaintiff's Response:

While meeting with Osoff on December 3, 2001, Patrick never made demands concerning my schedule. Instead, she requested that she be accommodated for a short period of time, primarily during the first trimester of her pregnancy, and preferred to condense her schedule from five to four days per week. (Patrick Affidavit, ¶2; Patrick Deposition, 26-34).

Disputed Fact No. 3:

*Patrick stated that these demands were not negotiable and that she was prepared to quit if Jansson would not accede to them.*

Plaintiff's Response:

Patrick never stated that her schedule accommodation request was not negotiable and that she was prepared to quit if Jansson would not accede to my request. She did indicate to Osoff that in light of her prior difficulty getting pregnant and prior miscarriage that she had discussed cutting back her schedule during the first trimester with her physician and that she had felt that it would be in her and the baby's best interest to cut back on her hours at work. (Patrick Affidavit, ¶ 2; Patrick Deposition, 39).

Disputed Fact No. 4:

*Patrick did not indicate that any of her demands were "medically necessary" and did not present any documentation from her health provider indicating that they were "medically necessary."*

Plaintiff's Response:

She did indicate to Osoff that in light of her prior difficulty getting pregnant and prior miscarriage that she had discussed cutting back her schedule during the first trimester with her physician and that she had felt that it would be in her and the baby's best interest to cut back on her hours at work. (Patrick Affidavit, ¶ 2).

2

Disputed Fact No. 5:

*Later in the day on December 3, Osoff explained to Patrick that Patrick's proposed switch from full to part time employment would involve a reduction in duties, responsibilities, and hours.*

Plaintiff's Response:

Osoff did not explain to Patrick that her schedule change would involve a reduction in duties, responsibilities, and hours as she would be performing the same job. (Patrick Affidavit, ¶ 3).

Disputed Fact No. 6:

*Osoff informed Patrick that her wage would be adjusted to an hourly rate that was reflective of the fewer hours she would be working and her decreased responsibilities.*

Plaintiff's Response:

Osoff did not inform Patrick that her wage would be adjusted to an hourly rate that was reflective of the fewer hours she would be working and her decreased responsibilities. (Patrick Affidavit, ¶ 3).

Disputed Fact No. 7:

*Osoff explained to Patrick that she reached this number by taking Patrick's annualized salary, which was $52,260, and dividing it by 2288 hours-a figure that assumed average weekly overtime of 4 hours.*

Plaintiff's Response:

Osoff did not explained to Patrick that she reached her reduced hourly figure for her by taking her annualized salary, which was $52,260, and dividing it by 2288 hours-a figure that assumed average weekly overtime of 4 hours. (Patrick Affidavit, ¶ 4).

Disputed Fact No. 8:

*Osoff explained that Jansson rounded this hourly rate down to $22.50, reflecting Patrick's decreased responsibilities.*

3

Plaintiff's Response:

Osoff did not explain to Patrick that Jansson rounded this hourly rate down to $22.50, reflecting her decreased responsibilities. (Patrick Affidavit, ¶ 4).

Disputed Fact No. 9:

*The hourly wage of every individual who moved from salaried to hourly employment was decreased to reflect the decreased responsibilities, as well as the decreased hours of a non-salaried employee.*

Plaintiff's Response:

There is evidence in the record that Anne Rascoe, Wendy Canty, Nicole Lee and Lucia McDougall all received paycuts when moving from salaried to hourly when they were performing the same responsibilities. (Patrick Deposition, 11, 13, 15, and 109-110).

Disputed Fact No. 10:

*Patrick does not dispute that the company policy is to adjust the wage of employees who moved from salary to hourly employment.*

Plaintiff's Position:

Joel Rudy's admitted that there is no actual policy at Jansson concerning reducing an employee's hourly wage when changing from full time to part-time employment. (Rudy Deposition, 48, 50-52, 54, and 83).

Disputed Fact No. 11:

*Patrick does not claim that Jansson proposed to reduce her hourly wage because she was pregnant, because of her sex or because she took FMLA leave.*

Plaintiff's Position:

In light of Osoff's discriminatory comments to Patrick as well as Joel Rudy's admission that there is no actual policy at Jansson concerning reducing an employee's hourly wage when changing from full time to part-time employment, Patrick believes that Jansson (and Osoff) reduced her hourly wage because she was pregnant. (Patrick Affidavit, ¶ 5).

Disputed Fact No. 12:

*Osoff told Patrick that she did not want her to leave and that therefore Jansson would agree to all of Patrick's position duty and scheduling demands, but that her hourly wage would reflect the fewer responsibilities she would be undertaking.*

Plaintiff's Position:

Osoff did not inform Patrick that her wage would be adjusted to an hourly rate that was reflective of the fewer hours she would be working and her decreased responsibilities. (Patrick Affidavit, ¶ 3).

Disputed Fact No. 13:

*Patrick does not claim that Jansson terminated her employment; rather, she claims that Jansson constructively discharged her from her employment.*

Plaintiff's Position:

Osoff actually terminated Patrick's employment when she slammed her fist on the table, pointed her finger directly in Patrick's face and told her to leave the workplace. (Patrick Deposition, 21).

>                                       The Plaintiff,
>                                       By Her Attorneys,
>
>                                       _____
>                                       Theresa Finn Dever
>                                       B.B.O. NO.: 564319
>                                       Joseph P. Dever
>                                       B.B.O. NO.: 564237
>                                       RILEY & DEVER, P.C.
>                                       Lynnfield Woods Office Park
>                                       210 Broadway, Suite 101
>                                       Lynnfield, MA 01940-2351
>                                       Telephone: (781) 581-9880

Dated: 3/4/05

CERTIFICATE OF SERVICE

I, Theresa Finn Dever, attorney for the Plaintiff, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail on March 4, 2005.

*[signature]*
THERESA FINN DEVER
3/4/05